IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DELROY HENRY and ALONSO BANOS,**<br>**Individually and on Behalf of All Others**<br>**Similarly Situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**LITTLE MINT, INC. d/b/a DISHES, MINI**<br>**MINT, INC. d/b/a DISHES, MOSHE**<br>**MALLUL, MAGGIE TALISMAN and**<br>**JOHN DOES #1-10, Jointly and Severally,**<br><br>**Defendants.** | **ECF Case**<br><br>**12 Civ. 3996 (CM)**<br><br> |

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary

Approval of Class Settlement ("Motion for Preliminary Approval").

**I.      Background and Procedural History**

1.      The parties' proposed settlement resolves all claims in the action entitled *Delroy*

*Henry, et al. v. Little Mint, Inc., et al.* Civil Action No. 12 Civ. 3996 (CM), which is currently

pending before this Court.

2.      The Plaintiffs in this action allege that Dishes failed to pay overtime premiums for

the hours that hourly employees worked over 40 in a workweek and spread of hours premiums

for hours worked over 10 in a day, in violation of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL").

3.      On May 21, 2012, Named Plaintiff Delroy Henry commenced this action as a

putative class action under Fed. R. Civ. P. 23 and as a collective action under the FLSA.  On July

20, 2012, Plaintiffs filed an Amended Complaint adding Alonso Banos as a Named Plaintiff. Named Plaintiff Henry is a former counter helper and cashier and Named Plaintiff Banos is a former cook helper, both of whom allege that they and Defendants' other hourly employees did not receive overtime premiums when they worked in excess of 40 hours in a given workweek or spread of hours premiums when they worked in excess of 10 hours in a given day. Defendants Little Mint, Inc., Moshe Mallul and Maggie Talisman filed their Answer on August 1, 2012, wherein they disputed the material allegations and denied liability. (*See* Doc. 18) Defendant Mini Mint, Inc. ("Mini Mint," and collectively with Little Mint, Inc., Moshe Mallul and Maggie Talisman, the "Defendants" or, "Dishes") filed its answer on August 20, 2012. (*See* Doc. 26) Dishes asserted, among other defenses, that they fully compensated their hourly employees for all work performed. (*Id.*)

## II.    Preliminary Approval of Settlement

4.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Brent E. Pelton ("Pelton Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Pelton Declaration as Exhibit B.

5.      The Settlement Agreement creates a fund of $1,162,500 to settle this Action (the "Settlement Fund"). (Ex. B ¶ 3.1; Pelton Decl. ¶ 20)  The Settlement Fund covers class members' awards, service awards, attorneys' fees and costs, administration fees and costs, and employment taxes. (Ex. B. ¶¶ 3.1-3.4; Pelton Decl. ¶ 20) After attorneys' fees and costs, Service Awards for the Named Plaintiffs, settlement administration costs, and Defendants' share of

2

payroll taxes have been deducted, the remaining funds (the "Net Settlement Fund") will be allocated among the Class Members.

6.      The portion of the Settlement Amount allocated to any Class Member who decides to opt-out of the Settlement shall revert to Defendants. (Ex. B. ¶ 3.4(C)); Pelton Decl. ¶ 21)

7.      According to the allocation formula set forth in the Settlement Agreement, Class Members are allocated a portion of the Settlement Amount in accordance with the following method set forth in Section 3.4 of the Settlement Agreement (*See* Ex. B at ¶ 3.4):

(a)     $150,000.00 of the Net Settlement Amount shall be allocated to Delivery Employees as compensation for alleged unpaid gratuities ("Gratuity Settlement Amount"). A Delivery Employee's allocation of the Gratuity Settlement Amount will be determined by multiplying the Gratuity Settlement Amount by a fraction, the numerator of which is the number of workweeks worked by such Delivery Employee in that individual's capacity as a Delivery Employee during the period from May 21, 2006 through September 10, 2013 and the denominator of which is the total number of workweeks worked by all Delivery Employees in their capacity as Delivery Employees from May 21, 2006 through September 10, 2013. An eligible Delivery Employee is permitted to receive both a Gratuity Settlement allocation and an Overtime Allocation pursuant to the formula described herein;

(b)     After the Gratuity Settlement Amount is subtracted from the Net Settlement Amount, the remaining monies (the "Overtime Settlement Fund") will be allocated according to the following formula, except that sufficient monies will be set aside to guarantee the Minimum Payment to all Participating Class Members. A Participating Class Member's Settlement allocation of the Overtime Settlement Fund will be determined by multiplying the Overtime Settlement Fund by a fraction, the numerator of which is the number of hours in excess of forty (40) per workweek ("Overtime Hours") worked by such Participating Class Member during the period from May 21, 2006 through September 10, 2013 (as reflected in a confidential document exchanged by the Parties) and the denominator of which is the total number of Overtime Hours worked by all Class Members from May 21, 2006 through September 10, 2013 (as reflected in such confidential document);

(c)     All Participating Class Members will receive a minimum payment of $100.00 (the "Minimum Payment") regardless of actual hours of overtime worked or weeks of employment with Dishes. If Participating Class Members are eligible for an award larger than $100.00, they will receive the higher award instead of the Minimum Payment.

(Ex. B at ¶ 3.4; Pelton Decl. ¶ 23)

8.      The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

9.      Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

10.     Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *Newberg* § 11.25.

4

11.     The Court concludes that the proposed Settlement Agreement (including the allocation formula in the Settlement Agreement ("Allocation Formula")) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

12.     The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

13.     Private mediator Martin F. Scheinman assisted the parties with settlement negotiations and presided over two lengthy mediation sessions. This reinforces the non-collusive nature of the settlement. *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at \*3 (S.D.N.Y. Sept. 18, 2009).

**III.    Notice**

14.     The Court approves the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Class Settlement Notice") attached to the Pelton Declaration as Exhibit C.

15.     The content of the Proposed Class Settlement Notice fully complies with due process and Federal Rule of Civil Procedure 23.

16.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses: that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

5

17.     The Proposed Class Settlement Notice fulfills each of these requirements and adequately puts Class Members on notice of the proposed settlement. See, e.g., *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Proposed Class Settlement Notice is appropriate because it describes the terms of the settlement, informs the Class Members about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

18.     The Proposed Class Settlement Notice is reasonable and constitutes due, adequate and sufficient notice to the Class Members.

19.     The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*; *Damassia v. Duane Reade*, No. 04 Civ. 8819, No. 04 Civ.2295, 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

      a.     Defendants provide the Class Counsel with a list, in electronic form, of the names, dates of employment with Dishes in one or more of the Class Positions, and last known addresses of all Class Members (the "Class List") within five (5) business days of this Order.

      b.     Within ten (10) days of receiving the Class List, the Settlement Administrator will mail the appropriate Notice to all class members.

      c.     Class Members will have thirty (30) days after mailing of the Class Notice to submit an opt-out statement, and/or to object to the settlement.

d.     The Court will hold a final fairness hearing on _January 8, 2014_ at _3 pm_ [insert date approximately 75 days from Preliminary Approval Order] at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York 10007.

e.     No later than fifteen (15) days prior to the fairness hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and service awards.

f.     If the Court grants the Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

g.     Dishes has the option of (1) making one single payment to the settlement administrator by the later of December 26, 2013 or five (5) days after the Court grants Final Approval of the Settlement and any appeals are exhausted or (2) making two equal payments, the first to be paid by the later of December 26, 2013 or five (5) days after approval of the settlement and the second to be paid six months following the date of the first payment.

h.     Class Members will have one hundred and twenty (120) days from the date of mailing of the settlement checks to accept the Settlement by presenting the check issued to him/her for payment and endorsing the release of claims.

It is so ORDERED this _24_ day of _October_ , 2013.

_____
Honorable Colleen McMahon
United States District Judge